BENJAMIN B. WAGNER
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

Attorneys for the Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:11-cv-01678 JAM-DAD |
| Plaintiff, ) | |
| ) | **SETTLEMENT AGREEMENT** |
| v. ) | **AND ORDER** |
| ) | |
| GREGORY P. TORLAI, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

1. Plaintiff, United States of America, and defendant Gregory P. Torlai (Defendant) hereby agree to resolve the United States' civil complaint for fraud and unjust enrichment as set forth below (the Agreement). The complaint arises from Defendant's submission of false claims for crop insurance payments. The Agreement is based upon the following facts:

2.. This is an action to recover treble damages and penalties pursuant to the False Claims Act, 31 U.S.C. §§ 3729 et seq. (the FCA) and for unjust enrichment.

3. The United States alleges that in calendar years 2001, Torlai made false statements to the USDA in connection with crop insurance claims concerning his farming operations at Stoney Creek Ranch, Torlai Farms and RBT Farms. The United States further alleges that in calendar years 2002 and 2005, Torlai made false statements to the USDA in connection with crop ///

Settlement Agreement and Proposed Order

insurance claims concerning his farming operations at Stoney Creek Ranch.   The above conduct will be referred to herein as "the Covered Conduct ".

4.  As a result of Defendant's false claims, the United States paid compensation to which he is not entitled.  The complaint seeks the recovery of three times the amount of this loss and penalties as authorized by the FCA.

5.  The United States and Defendant agree to settle this litigation upon the following terms:

6.  Service of Process.  Defendant has accepted service of the summons and complaint via personal service.

7.  Entry of Judgment.  Defendant consents to entry of judgment in the amount of $500,000, representing damages, penalties and costs authorized pursuant to 31 U.S.C. §§ 3729(a)(1) - 3729(a)(3).  Defendant further agrees that interest on the judgment shall accrue at 5% until the judgment is satisfied.  The judgment amount, however, is reduced to $400,000, at 5% interest per annum, provided Defendant does not default under the provisions of the parties' repayment plan outlined below.

8.  Repayment Plan. Defendant shall make an initial payment of $25,000 on or before July 8, 2011 pursuant to written wire-transfer instructions to be provided by the United States Attorney's Office for the Eastern District of California.  Thereafter, Defendant shall follow the below payment schedule:

| Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|
| Beginning Balance | | | | $400,000.00 |
| 7/8/2011 | $25,000.00 | $0.00 | $25,000.00 | 375,000.00 |
| 10/8/2011 | 49,549.93 | 4,687.50 | 44,862.43 | 330,137.57 |
| 1/8/2012 | 49,549.93 | 4,126.72 | 45,423.21 | 284,714.37 |
| 4/8/2012 | 49,549.93 | 3,558.93 | 45,991.00 | 238,723.37 |
| 7/8/2012 | 49,549.93 | 2,984.04 | 46,565.88 | 192,157.49 |
| 10/8/2012 | 49,549.93 | 2,401.97 | 47,147.96 | 145,009.53 |
| 1/8/2013 | 49,549.93 | 1,812.62 | 47,737.31 | 97,272.22 |
| 4/8/2013 | 49,549.93 | 1,215.90 | 48,334.02 | 48,938.20 |
| 7/8/2013 | 49,549.93 | 611.73 | 48,938.20 | (0.00) |
| Total | $421,399.41 | $21,399.41 | $400,000.00 | |

1   There is no prepayment penalty.  Upon Defendant's compliance with these settlement terms, the

2   United States will file a satisfaction of judgment with the Court.

3       9. Default.  Defendant shall be in default if he fails to make a timely payment and

4   thereafter fails to cure the default within ten days from the date the United States mails written

5   notice of the deficiency to Defendant at the address stated in paragraph E, below.  The United

6   States may also declare Defendant's default as provided in paragraph F, below.  If Defendant fails

7   to cure his default, the judgment shall revert to $500,000, plus 5% interest compounded annually

8   from the date judgment was entered, less any previous payments received.  No further notice is

9   required.  Upon Defendant's failure to cure his default, the United States may declare any unpaid

10   balance immediately due and owing and proceed with collection efforts against Defendant.

11      10. Written Notice.  Whenever written notice is required, the notice shall be addressed

12   and mailed to the individuals identified below, unless those individuals or their successors give

13   notice of a change to the other parties in writing.

14      As to the United States:

15                              Kurt A. Didier
                           Assistant United States Attorney
16                         United States Attorney's Office
                           501 I Street, Suite 10-100
17                         Sacramento, CA 95814
                           Phone 916-554-2700
18                         Facsimile 916-554-2900

19      As to Defendant:

20                              Don Heller, Esq.
                           701 University Avenue, Suite 100
21                         Sacramento, CA 95825
                           (916) 974-3500

22

23   The ten day cure period provided by the default notices referenced in paragraph D, above,

24   commences from the date the United States mails a default notice to Defendant.  All other notices

25   shall be considered effective upon receipt.

26      11.   Subject to the exceptions in Paragraph 12 below (concerning excluded claims), in

27   consideration of the obligations of Defendant in this Agreement and conditioned upon

28   Defendant's full payment of the Settlement Amount, the United States (on behalf of itself, its

Settlement Agreement and Proposed Order              3

officers, agents, agencies, and departments) agrees to release Defendant from any civil or administrative monetary claim the United States has or may have for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; the Contract Disputes Act, 41 U.S.C. §§601-603 or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud.  This release relates to and covers only the Covered Conduct as defined herein.

12.    Notwithstanding any term of this Agreement, specifically reserved and excluded from the scope and terms of this Agreement as to any entity or person (including Defendant) are the following claims of the United States:

a.    Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code).

b.    Any criminal liability;

c.    Any administrative liability, including the suspension and debarment rights of any federal agency;

d.    Any rights of the United States arising under Section 9.4 of the Federal Acquisition Regulations;

e.    Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

f.    Any liability based upon such obligations as are created by this Agreement;

g.    Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

h.    Any liability for failure to deliver goods or services due;

i.    Any liability of individuals, including directors, officers and employees;

j.    Any liability for personal injury or property damage for other consequential damages arising from the Covered Conduct.

13.    Defendant waives and shall not assert any defenses Defendant may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth

Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.  Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

14.     Defendant fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Defendant has asserted, could have asserted, or may assert in the future against the United States, and its agencies, employees, servants, and agents, related to the Covered Conduct and the United States' investigation and prosecution thereof.

15.     Defendant agrees to the following:

a.     Unallowable Costs Defined: that all costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Defendant, and its present or former officers, directors, employees, shareholders, and agents in connection with:

(1)     the matters covered by this Agreement;

(2)     the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(3)     Defendant's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

(4)     the negotiation and performance of this Agreement;

(5)     the payment Defendant makes to the United States pursuant to this Agreement, including costs and attorneys fees,

are "Unallowable Costs" for government contracting purposes (hereinafter referred to as "Unallowable Costs").

///

///

b.      <u>Future Treatment of Unallowable Costs:</u> Unallowable Costs will be separately determined and accounted for by Defendant, and Defendant shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States.

c.      <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: Defendant further agrees that within 90 days of the Effective Date of this Agreement it shall identify any unallowable costs (as defined in this Paragraph) included in payments previously sought by Defendant or any of its subsidiaries or affiliates from the United States.  Defendant agrees that the United States, at a minimum, shall be entitled to recoup from Defendant any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs in any such payments.  Any payments due shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies.  The United States reserves its rights to disagree with any calculations submitted by Defendant or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Defendant, or the effect of any such Unallowable Costs on the amount of such payments.

d.      Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Defendant's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

16.      This Agreement is intended to be for the benefit of the Parties only.  The Parties do not release any claims against any other person or entity.

17. Bankruptcy.  This action concerns the recovery of damages and penalties payable to the United States for Defendant's liability under the FCA.  Defendant acknowledges the provisions of 11 U.S.C. § 523(a)(7), which provide an exception to the discharge afforded by Bankruptcy Code sections 11 U.S.C. §§ 727, 1141, 1228(a) and (b), and 1328(b).  Accordingly, Defendant agrees that a voluntary bankruptcy petition filed by his or an involuntary petition filed against him shall not excuse Defendant's performance under this Agreement.  The United States may treat Defendant's failure to perform during the pendency of a bankruptcy proceeding as a default under paragraph 17, above.

///

Settlement Agreement and Proposed Order                    6

18. Solvency.  Defendant has reviewed his financial situations and warrants that he is currently solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I) and will remain solvent following payment to the United States.

19. Opportunity to Review and Revise.  By settling this action, the parties intend to avoid the expenses and risks of further litigation.  Each party has, or had the opportunity to fully review and revise this Agreement.  The parties agree that the Agreement has been negotiated in good faith, and is fair and reasonable. Accordingly, the normal rule of construction resolving ambiguities against the drafting party shall not be utilized in the interpretation of this Agreement.

20. Authorization and Understanding.  Each party to this Agreement represents and warrants that each person whose signature appears in this Agreement has been duly authorized and has the full authority to execute this Agreement on behalf of the person, persons or entity who is a party to this Agreement.  Each person executing this Agreement further represents that he/she: has read and understands its contents; executes this Agreement voluntarily; and has not been influenced by any person acting on behalf of any party.  The Agreement is binding on each party and on its successors in interest, transferees and assigns.

21. Governing Law.  This Agreement is entered into in the State of California and shall be construed and interpreted according to its laws or federal laws, as is appropriate.

22. Severability.  If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect.

23. A fully executed copy–including facsimile signatures–of the Agreement shall be deemed an original for all purposes, and this Agreement may be executed in one or more counterparts, each of which shall be an original, but all of which shall constitute one instrument.

24. Entire Agreement.  This document memorializes the parties' entire Agreement.  The Agreement's terms are contractual and not mere recitals, and may be amended or modified in whole, or in part, at any time only by an agreement in writing, executed in the same manner as this Agreement.

**For Defendant Gregory Torlai**

Dated:  June 21, 2011                By:      /s/ *Gregory Torlai*
                                              **GREGORY TORLAI**


Dated: June 21, 2011                         Law Offices of Donald H. Heller


                                             /s/ *Donald H. Heller*
                                             DONALD H. HELLER
                                             Attorney for Defendant Gregory Torlai


**For Plaintiff the United States of America**


                                             BENJAMIN B. WAGNER
                                             United States Attorney


Dated: June 21, 2011                By:      /s/ *Kurt A. Didier*
                                             KURT A. DIDIER
                                             Assistant United States Attorney
                                             Attorneys for the United States of America


**ORDER**

        The Court, having reviewed the court files and parties' settlement agreement (the Agreement) and finding good cause therefor, hereby APPROVES the terms of the Agreement.  The stipulated entry of judgment as provided in the Agreement shall be entered as a separate judgment.

        IT IS SO ORDERED.


Dated: 7/13/2011

                                             JOHN A. MENDEZ
                                             UNITED STATES DISTRICT JUDGE

Settlement Agreement and Proposed Order          8